UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMEGA ACCOUNTING SOLUTIONS, INC.,<br>*Plaintiff,*<br>vs.<br>OABL XIII, LLC and OWS ADMINISTRATION, LLC,<br>*Defendants.* | 1:25-CV-10313 (MMG) |

**STIPULATED PROTECTIVE ORDER GOVERNING LIMITED ATTORNEYS' EYES-ONLY REVIEW OF UNREDACTED LEGAL INVOICES AND NONWAIVER UNDER FEDERAL RULE OF EVIDENCE 502(D)**

Upon the parties' stipulation, and pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), the Court ORDERS as follows:

**1.** **Purpose; limited production.** Defendants previously produced redacted copies of invoices of Sklar Kirsh bearing Bates numbers OABL00020352–OABL00020401 and Dunning Vallejo & MacDonald LLP bearing Bates numbers OABL00020402–OABL00020418 (collectively, the "Invoices"). In the event any additional invoices are produced or offered for any purpose, that are outside of the Bates range identified, the terms of this stipulation shall govern those invoices, as well. Solely to permit the limited evaluation authorized below, and only after entry of this Order, Defendants may provide counsel for Plaintiff with unredacted copies of those Invoices. This Order does not compel Defendants to produce material outside those Bates ranges, require the disclosure of other privileged material, or adjudicate the privileged status of any entry. Defendants may, before production, withhold or further redact material outside the agreed scope and identify any such withholding in a manner consistent with applicable discovery obligations.

**2.** **Protected Information.** "Protected Information" means information in the Invoices absent from the copies previously produced to Plaintiff, including descriptions of legal work,

attorney identities, rates, and other billing details, together with the substance, subject matter, sequence, metadata, and reasonably inferable content of that information; any oral account thereof; and all copies, notes, extracts, summaries, analyses, correspondence, and derivative materials that disclose or permit its substance to be inferred. The absence or loss of a confidentiality marking does not deprive the information of protection under this Order. The underlying invoices and any material containing Protected Information shall be treated as ATTORNEYS' EYES ONLY under this Order.

**3.** **Permitted recipients; undertaking.** Plaintiff's counsel may disclose Protected Information only to its attorneys, Steven K. Eisenberg and Evan Barenbaum, whose access is reasonably necessary for the limited purpose in paragraph 4, and who first execute the undertaking in Exhibit A. No paralegal, litigation-support employee, contract attorney, vendor, expert, consultant, client representative, or other person may have access without Defendants' prior written consent or further order of the Court. Before any Protected Information is disclosed to a particular attorney, with the exception of Steven K. Eisenberg and Evan Barenbaum, Receiving Counsel shall serve on Defendants' counsel that attorney's name and firm together with that attorney's executed undertaking in the form of Exhibit A. Receiving Counsel shall maintain a current list of all authorized recipients, shall provide it to Defendants' counsel upon entry of this Order, and shall update it within five (5) business days of any change. In no event shall more than three (3) attorneys have access to Protected Information without Defendants' prior written consent or further order of the Court. Each recipient is bound by this Order; lead counsel for Plaintiff shall supervise compliance. No permitted recipient may use the information in any other representation or matter.

**4.** **Limited review and use.** Receiving Counsel may inspect the Protected Information solely to evaluate whether charges reflected in the Invoices were strictly incurred for the purpose of

defending the *Packer* litigation matter, the above-captioned matter, and whether such charges were properly paid from or charged against the disputed reserve in this Action, and to advise Plaintiff of bottom-line litigation positions or recommendations, provided that no such advice shall be expressed at the level of any specific charge, entry, or dollar figure, shall be derived from or communicate any conclusion about the content of any specific Protected Information entry, or shall otherwise reveal the substance, gist, subject matter, implications, or reasonably inferable content of Protected Information. Receiving counsel is permitted, however, to advise their client of sums that they believe were improperly incurred, such that the client may evaluate whether the quantum of a purportedly improper sum justifies raising an objection to that particular sum. Receiving Counsel shall not disclose Protected Information to Plaintiff; quote, summarize, display, introduce, file, or otherwise use it in a pleading, discovery request or response, deposition, motion, hearing, trial, arbitration, or other proceeding; or use it to develop or pursue additional discovery or a collateral claim, without Defendants' prior written consent or further order of the Court under paragraph 5. Nothing in this paragraph restricts discovery or use of information demonstrably obtained independently of the Protected Information.

5. **Procedure for disputes over charges or privilege.** Counsel seeking to challenge a charge, contest an assertion of privilege, or request a specific use of Protected Information shall first confer with Defendants' counsel, identifying the entry by Bates number and, if needed, date or line number, without revealing Protected Information to Plaintiff or any unauthorized person. If unresolved, counsel may seek relief from the Court under the applicable Individual Rules, describing the disputed information only to the minimum extent necessary and seeking leave to submit any Protected Information under seal or *in camera* in accordance with paragraph 7. Until the Court rules, the information remains subject to this Order. No provision prevents Plaintiff from contesting whether a particular item was privileged or protected before its production, or from

contesting the propriety of a charge; Plaintiff may not contend that production under this Order itself effected a waiver. Any such challenge shall be framed solely by reference to Bates number and objective billing metadata (such as date, timekeeper, or amount), and neither Plaintiff nor Receiving Counsel may quote, describe, or otherwise rely on the substantive content of any Protected Information entry in support of a challenge. On any challenge to a claim of privilege or protection, Defendants retain the burden of establishing the privilege or protection; on any application to disclose, use, or grant access to Protected Information beyond the limited purpose and recipients authorized by this Order, the party seeking that relief bears the burden of justifying it.

**6.** **Rule 502(d) nonwaiver.** Pursuant to Federal Rule of Evidence 502(d), disclosure of the Invoices or Protected Information in connection with this Action under this Order shall not constitute or result in a waiver of attorney-client privilege or work-product protection in this Action or in any other federal or state proceeding, whether the disclosure is characterized as intentional, inadvertent, selective, or otherwise, and without regard to the care taken before disclosure. The provisions of Federal Rule of Evidence 502(b) do not apply to any disclosure under this Order, and no party need demonstrate that any disclosure was inadvertent or that it took reasonable steps to prevent or rectify disclosure; the terms of this Order, and not Rule 502(a) or 502(b), govern the waiver consequences of any disclosure made under it. No Receiving Party may argue that the disclosure itself, or a use authorized by this Order, effects waiver, subject-matter waiver, at-issue waiver, or a right to obtain undisclosed communications or material. This paragraph addresses waiver attributable to disclosure under this Order; it neither establishes that any particular information was privileged or protected before disclosure nor immunizes independent conduct, other than that disclosure and uses specifically authorized by this Order, from applicable waiver law. The parties request that the Court enter this paragraph as an order under Rule 502(d), rather than merely approving a private agreement under Rule 502(e).

**7.** **Court filings and proceedings.** This Order authorizes filing under seal; any public submission shall use the narrowest feasible redactions. The parties shall confer in good faith before any filing under seal. The parties must submit a motion to seal for any documents they intend to file under seal. The Court retains full discretion on whether documents are filed under seal.

**8.** **Handling and security.** Receiving Counsel shall use reasonable safeguards, including encryption in transit and at rest, access controls limited to the recipients in paragraph 3, and secure transmission and storage. Receiving Counsel shall not place Protected Information in personal email, public file-sharing services, or a generative-AI system; use it for model training or unrelated analytics; or give any vendor access without Defendants' prior written consent or Court order. Copies shall be limited to those necessary for authorized review and, where practicable, individually watermarked. Receiving Counsel shall immediately secure the material and promptly notify Defendants' counsel in writing upon learning of loss, unauthorized access, or unauthorized disclosure, identify the scope and recipients to the extent known, and cooperate in reasonable containment and remediation.

**9.** **Compelled disclosure.** If Receiving Counsel receives a subpoena, demand, request, or order seeking Protected Information, counsel shall, unless legally prohibited, promptly notify Defendants in writing, provide a copy of the demand, refrain from disclosure for the period reasonably necessary to permit Defendants to seek relief, assert applicable protections, and cooperate reasonably with Defendants' efforts to prevent or limit disclosure. If disclosure is ultimately required, counsel shall disclose only what the governing order requires and seek confidential treatment. This paragraph does not authorize violation of any binding court order.

**10.** **Material outside agreed production; clawback.** If Defendants identify particular material produced outside the agreed scope, or inadvertently produced information for which they assert attorney-client privilege or work-product protection, they may notify Receiving Counsel and

identify the claim. Receiving Counsel shall, promptly upon such notice and regardless of whether Plaintiff disputes the claim, return or sequester the identified material, cease using it, retain no copies, and not disclose it, and shall comply with Federal Rule of Civil Procedure 26(b)(5)(B), including return, destruction, or sequestration and any submission under seal for a determination. Plaintiff may contest the claim only through the procedure set forth in paragraph 5, and without using or disclosing the information except as that Rule permits. This procedure supplements, and does not narrow, paragraph 6's nonwaiver protection for the intentional limited disclosure authorized here.

**11.** **No merits or privilege concession; no collateral use.** Production and review do not establish that any charge was reasonable, payable, indemnifiable, properly charged to the reserve, or recoverable; do not constitute an admission of relevance, discoverability, admissibility, or the existence or absence of privilege; and do not waive any claim, defense, discovery objection, or right to seek a ruling. Plaintiff and Receiving Counsel shall not use the fact of this disclosure as a basis to assert waiver, seek related privileged material, or assist a third party in doing so. This Order does not preclude a challenge to an underlying privilege claim or charge made through paragraph 5.

**12.** **Disposition; survival.** Within 30 days after final disposition of this Action, including appeals, or earlier upon Court order, Receiving Counsel shall return or securely destroy the Invoices and all Protected Information, including copies, notes, extracts, analyses, and reasonably accessible electronic copies, and, if requested, lead counsel shall certify compliance in writing to Defendants' counsel. One archival copy may be retained solely to satisfy a legal, professional-responsibility, or insurance record-retention obligation, stored separately with access restricted to records or ethics personnel, and may not be used for any substantive purpose absent further Court order. Information in inaccessible disaster-recovery backups need not be immediately

purged if retained pursuant to ordinary automatic backup cycles, remains protected, and is not restored or accessed except as legally required. The obligations in this Order survive disposition of the Action and continue until the Court orders otherwise.

**13.** **Enforcement; modification; other orders.** A violation of this Order may cause irreparable harm, and a party may seek appropriate injunctive relief, sequestration, return, sanctions, or other relief without prejudice to available defenses. In addition, the Court may award Defendants their reasonable attorneys' fees and costs incurred in enforcing this Order against any person who violates it. The Court retains jurisdiction to enforce and modify this Order to the extent permitted by law. Modification requires a further Court order; a writing between counsel alone does not modify the Court's Rule 502(d) determination. The parties intend that this Order shall govern the extent to which any disclosure of the Invoices or Protected Information constitutes a waiver of the attorney-client privilege or work-product protection, and that, because it is entered as an order of the Court under Federal Rule of Evidence 502(d) and not merely as a private agreement under Rule 502(e), its no-waiver provisions are effective in this Action and in any other federal or state proceeding. If another protective order in this Action, or any other order, protocol, stipulation, or agreement, conflicts with this Order as to these Invoices or Protected Information, this Order controls unless the Court expressly directs otherwise. Nothing in this Order limits a person's duty to comply with a later, specific Court order.

**STIPULATED AND AGREED:**

/s/Steven K. Eisenberg

Steven K. Eisenberg
Stern & Eisenberg, P.C.
1131 Route 55, Suite 1
Lagrangeville, New York 12540
(215) 421-9012
seisenberg@sterneisenberg.com

*Attorneys for Plaintiff*

Brian C. Dunning
Catherine A. Zimmermann
Dunning Vallejo & MacDonald LLP
1350 Broadway, Suite 2220
New York, New York 10018
(646) 873-7322
bdunning@dvmlaw.com
czimmermann@dvmlaw.com

*Attorneys for Defendants*

Dated, October 8, 2026

SO ORDERED:

Margaret M. Garnett, U.S.D.J.

**EXHIBIT A — ACKNOWLEDGMENT AND UNDERTAKING**

I, ___________________________, am an attorney of record for Plaintiff in Omega v. OABL, No. 1:25-cv-10313 (S.D.N.Y.). I have read the Stipulated Protective Order Governing Limited Attorneys' Eyes Only Review of Unredacted Legal Invoices and Nonwaiver Under Federal Rule of Evidence 502(d). I agree to be bound by its terms, not to disclose or use Protected Information except as it permits, and to submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing it, including after the Action concludes. I understand that any violation of the Order may be punished as contempt of court and may subject me to personal liability, and that my obligations under the Order and this undertaking survive my withdrawal or removal as counsel and the conclusion of the Action.

Signature: ___________________________ Date: ____________________

Name and firm: ___________________________________________________